**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 11, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40225
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES HELTON, also known as Defendant #6 Sealed,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-15-6-PNB
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Helton pleaded guilty to a single count information charging him with possession of psuedoephedrine with the intent to manufacture methamphetamine. HELTON was sentenced to 168 months in prison based on the district court's factual finding that he was responsible for at least 500 grams, but less than 1.5 kilograms of methamphetamine. Helton argues that the district court clearly erred in relying on the unsworn statements given by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his coconspirators to law enforcement officers regarding the amount of methamphetamine.

A sentencing court may consider "information [having] sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). This language "require[s] that the facts used by the district court for sentencing purposes be reasonably reliable." United States v. Rogers, 1 F.3d 341, 344 (5th Cir. 1993). "Sworn testimony given by a government agent at a sentencing hearing generally bears sufficient indicia of reliability to be considered by the trial judge during sentencing." United States v. Thomas, 12 F.3d 1350, 1372 (5th Cir. 1994). The district court is not barred from considering the agent's testimony despite the fact that an agent's testimony was based on information obtained from the defendant's coconspirators. Thomas, 12 F.3d at 1372.

In this case, former DEA Special Agent Blair testified that he received specific information from specific coconspirators regarding specific numbers of methamphetamine "cooks," in which specific amounts of the drug were manufactured. Blair testified that the information coming from Helton's coconspirators was consistent in both the scope of Helton's activity and in the description of the manufacture of methamphetamine. Other than to make a general attack on the reliability of unsworn statements from coconspirators, Helton has not shown that the evidence

relied on by the district court was not reasonably reliable.  See Rogers, 1 F.3d at 344.

Helton argues that his sentence is illegal, under Blakely v. Washington, 124 S. Ct. 2531 (2004), because the quantity of drugs used to determine his sentence was not determined by a jury or included in his plea.  This issue is foreclosed by the court's holding in United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir.), petition for cert. filed (July 14, 2004).

Helton's sentence is AFFIRMED.